**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| XEROX CORP. | | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JAMES A. BENTLEY, | : | |
| Defendant | : | NO. 12-cv-2616 |
| | : | |
| | : | |

**MEMORANDUM**

January 17, 2013                                   ANITA B. BRODY, J.

On May 19, 2010, Plaintiff Xerox obtained a default judgment against Bentley Graphic

Communications (09-cv-4981, Docket No. 9), in the amount of $775,466.15 plus costs. Xerox

now brings a suit to enforce that judgment against Defendant Bentley, who personally

guaranteed each contract. In its Motion for Summary Judgment (Docket No. 6), Xerox claims

that Bentley is not entitled to discovery regarding the amount owed, asserting that there is no

bona fide dispute as to Bentley's breach or Xerox's monetary damages. Accordingly, without

using the phrase, Xerox seeks to collaterally estop Bentley from challenging the amount of

damages owed.

In *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2001), the Supreme Court

explained that a federal court exercising diversity jurisdiction must adopt "the law that would be

applied by state courts in the State in which the federal diversity court sits." *Id*. at 508. This

means that this Court must apply Pennsylvania choice of law rules. Pennsylvania courts give

effect to express choice of law provisions in contracts. *See, e.g.*, *Howard Savings Bank v. Cohen*, 607 A.2d 1077, 1078 (Pa. Super. 1992); *Smith v. Commonwealth National Bank*, 557 A.2d 775, 777 (Pa. Super. 1989). *See also Restatement (Second) of Conflict of Laws* § 187(1) ("The law of the state chosen by the parties to govern their contractual rights and duties will be applied"). Every contract at issue in this dispute contains a clear choice of law provision stating that the agreements would be construed under the laws of the State of New York. Therefore, this Court, sitting in diversity and applying Pennsylvania choice of law rules, will apply New York substantive law.

The basic question in this case is whether Defendant Bentley can be bound by the previous default judgment against Bentley Graphic Communications, Inc. (09-cv-4981). New York law is clear that default judgments are not given collateral estoppel effect. "[T]he general rule is well-established that default judgments lack issue-preclusive effect." *In re Adler, Coleman Clearing Corp.*, 205 Fed.Appx. 856, 857 (2d Cir.2006) (*citing Abrams v. Interco, Inc.*, 719 F.2d 23, 34 n. 9 (2d Cir.1983)). "[U]nder New York law, collateral estoppel forecloses only those issues that have been 'actually litigated and determined in a prior action,' and '[a]n issue is not actually litigated if there has been a default.'" *Yoon v. Fordham Univ. Faculty & Administrative Retirement Pla*n, 263 F.3d 196, 202 n. 7 (2d Cir.2001) (*citing Pigliavento v. Tyler Equip. Corp*., 233 A.D.2d 810, 811 (3d Dep't 1996)). Because New York law does not give collateral estoppel effect to default judgments, Xerox's motion is denied.[1]

---

[1] Similarly, Pennsylvania law does not give preclusive effect to default judgments. *See, e.g., McGill v. Southwark Realty Co.*, 828 A.3d 430, 435 (Pa. Commw. 2003) ("A default judgment lacks the requisite element that it be 'actually litigated.' A default judgment is not entitled to the preclusive effect of collateral estoppel"); *Fleet Consumer Discount Co. v. Graves*, 33 F.3d 242 (3d. Cir. 1999) (applying Pennsylvania law and specifically comment e of the Restatement to hold that a default judgment does not have preclusive effect since the case is not actually

s/Anita B. Brody

_____

ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:                    Copies **MAILED** on _____ to:

---

litigated); *Schubach v. Silver*, 336 A.2d 328, 333 (Pa. 1975) (describing the Restatement of Judgments as "the accepted law in Pennsylvania").